IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARINA L. C., ) | |
| ) | No. 22 C 4591 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Karina L. C. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

Background

On June 10, and 17, 2020, plaintiff filed applications for benefits, which were denied initially, on reconsideration, and after a hearing. (R. 13-27, 57-132.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since November 30, 2019, the alleged onset date. (R. 16.) At step two, the ALJ found that plaintiff has the severe impairments of a history of deep vein thrombosis, mood disorder, learning disorder with borderline intellectual functioning, and ADHD. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but has the RFC to perform light work with certain exceptions. (R. 18-19, 25.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 25-27.)

The ALJ found that plaintiff is moderately limited in concentration, persistence, and pace (R. 17), and added the following language to the RFC to address that limitation: "Claimant's work is limited to simple and routine tasks in work performed at a variable pace involving only end of the day production requirements and with no other periodic or hourly production quotas." (R. 19.) Plaintiff says the Seventh Circuit has condemned similar language as insufficient to address moderate concentration, persistence, and pace limitations. *See, e.g.*, *DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019) (per curiam) (stating that "there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace"); *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 698 (7th Cir. 2016) ("[T]he Commissioner has not cited, nor have we found, any authority supporting the ALJ's speculation that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including, as part of the claimant's mental residual functional capacity, a moderate limitation on concentration, persistence, and pace."). More recently, however, the court has focused less on the specific language of the RFC and more on determining whether the RFC "adequately accounts for an applicant's limitations against the evidence in the record." *Recha v. Saul*, 843 F. App'x 1, 4 (7th Cir. 2021). The ALJ said the evidence shows that, because of her mental impairments, plaintiff has difficulty consistently maintaining attention and concentration. (R. 21-23.) But he also noted that plaintiff had engaged in substantial gainful employment despite these limitations, she took prescribed medication only sporadically, though she admitted it was helpful, and "her mental status exams have been essentially baseline." (*Id.*) Further, the ALJ said he was persuaded by the opinions of medical reviewers Drs. Voss and DiFonso, who opined that:

> [T]he claimant can maintain the concentration and persistence necessary to carry out more than simple tasks in a reasonably punctual fashion and consistent pace in

3

a typical work environment. She would have no difficulty attending work regularly and would need no special supervision beyond what is commonly provided in an ordinary work setting. Overall, her mental [medically determinable impairments] would not interfere with her ability to complete routine work tasks.

(R. 67, 104.)[1] Thus, the RFC limitation to routine work without hourly production quotas is supported by substantial evidence.[2]

Plaintiff also argues that the ALJ erred by failing to explain how her reported need to elevate her leg impacted her work performance. The Court disagrees. The ALJ noted plaintiff's history of deep vein thrombosis and her testimony that she needed to elevate her left leg, but he said the record showed that her condition was controlled with medication and that leg elevation was not medically necessary. (R. 23.) That is a sufficient explanation for the absence of a leg elevation requirement in the RFC.[3]

Plaintiff's last challenge is to the ALJ's subjective symptom evaluation, which she contends violates Agency guidelines. *See* SSR 16-3P, 2017 WL 5180304, at *10 (Oct. 25, 2017) (stating that an ALJ's "decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated

---

[1] Plaintiff contends that the ALJ should have incorporated off-task time in the RFC because Drs. Voss and DiFonso said, in the assessment of mental impairment section of their reviews, that plaintiff's mental impairments limit her ability "[to] engage in work-like activity on a sustained basis." (R. 77, 98.) However, the doctors' conclusions in that section were only that plaintiff's impairment was "more than non-severe but [did] not meet or equal a listing." (*Id.*) When they assessed the RFC, the doctors said plaintiff was not significantly limited in "[t]he ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (R. 81, 104.) As a result, the doctors' opinions do not support an off-task limitation.
[2] Plaintiff also argues that the RFC is flawed because it does not accommodate all of the symptoms of her mental impairments, but plaintiff has the "burden to establish not just the existence of the [symptoms], but to provide evidence that they support specific limitations affecting her capacity to work," *Weaver v. Berryhill*, 746 F. App'x 574, 579 (7th Cir. 2018), which she failed to do.
[3] Nonetheless, the ALJ included accommodations in the RFC for plaintiff's complaints of leg pain and swelling: "The [RFC] limits standing and/or walking for up to 2 hours in an 8-hour workday with sitting up to 6 hours in 8-hour workday with normal breaks[, and] . . . . precludes climbing ladders, ropes, or scaffolds, kneeling, and crawling and limits climbing of ramps or stairs, balancing, stooping, and crouching to the occasional level, as these activities could aggravate lower extremity pain or swelling." (R. 23.)

the individual's symptoms"). The Court disagrees. As discussed above, the ALJ explained why the record did not support plaintiff's reported need to elevate her left leg. With respect to the symptoms from plaintiff's mental impairments, the ALJ said:

> The claimant has indicated that her most significant symptoms seem to be related to depression, and testified that she would be unable to work on a consistent basis because she has days when she has low energy and motivation. This is consistent with her reports to mental health providers. The claimant has also described feeling anxious at work at times and has admitted to occasional irritability "out of nowhere." Notwithstanding, it is noted that the claimant was able to work at the substantial gainful activity level for several years at a job characterized as semi-skilled by the vocational expert. Additionally, per her testimony, this job required her to work directly with patients at an adult care facility. The claimant has also reported that she is able to get along with family members, has friends, and can go places such as the park or the store without evidence of difficulty getting along with other people or managing her emotions in these settings. The claimant acknowledged at the hearing that she has taken psychotropic medication "on and off" but admitted that they helped stabilize her mood. This is also noted in the record. There is no evidence of significant exacerbation of mental health symptoms, such that claimant has required inpatient hospitalization or a greater level of care to manage symptoms.

(R. 22) (citations omitted). The ALJ clearly explained, with reference to the record, why he did not credit plaintiff's mental health symptom allegations. That is all that is required.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [19], and terminates this case.

**SO ORDERED.**  **ENTERED:** May 17, 2023

**M. David Weisman**
**United States Magistrate Judge**